# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SEMCON IP INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00197-JRG |
| | § | |
| KYOCERA CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kyocera Corporation's ("Kyocera") Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). (Dkt. No. 11.) Having considered the parties' arguments and the relevant case law, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

### I. BACKGROUND

On May 9, 2018, Plaintiff Semcon IP Inc. ("Semcon") sued Kyocera for direct and indirect infringement of U.S. Patent Nos. 7,100,061 (the "'061 Patent"); 7,596,708 (the "'708 Patent"); 8,566,627 (the "'627 Patent"); and 8,806,247 (the "'247 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶¶ 15–47.)

On July 11, 2018, Kyocera International, Inc. ("Kyocera International")—Kyocera's wholly-owned, U.S. subsidiary—filed a declaratory judgment action of non-infringement against the Asserted Patents in the United States District Court for the Southern District of California. (*Kyocera Int'l, Inc. v. Semcon IP Inc.*, No. 3-18-cv-1575-CAB-MDD, Dkt. No. 1 ¶ 1 (S.D. Cal.

Jul. 11, 2018).) Semcon subsequently filed a motion to dismiss for lack of personal jurisdiction, which the California court granted. (*Id.*, Dkt. No. 16 at 7–8 (Oct. 19, 2018).)

Thereafter, Kyocera filed the instant Motion to dismiss Semcon's Complaint (Dkt. No. 1) on the basis that Kyocera does not engage in any infringing activity in the United States. (Dkt. No. 11 at 1.)

## II.     LEGAL STANDARD

### A.     Dismissal Under Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" where the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

"In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States*

*ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). A court may, at its discretion, exclude matters presented that are outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

### B. Direct and Indirect Infringement

A claim of literal infringement requires a showing that "each and every limitation set forth in a claim appear[] in the accused product." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990). A claim of induced infringement requires (1) an act of direct infringement by another and (2) a defendant who knowingly induced that direct infringement with specific intent to encourage the other's infringement. 35 U.S.C. § 271(b); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'').

## III. DISCUSSION

### A. Direct Infringement

Kyocera argues that "Semcon's Complaint does not provide . . . fair notice of what specific activities Kyocera has allegedly performed in the United States that subject it to claims of patent infringement. Instead, the Complaint merely parrots the language of 35 U.S.C. § 271." (Dkt. No. 22 at 2; *see also* Dkt. No. 11 at 2, 4, 6.) "Semcon can make no plausible showing that Kyocera is a proper defendant in this litigation" because it is Kyocera International who (1) "purchases smartphones from Kyocera outside of the Unites States," (2) "imports those smartphones into the United States," and (3) "sells those smartphones to Kyocera International['s] . . . customers." (Dkt. No. 11 at 6; Dkt. No. 22 at 4–5.) Kyocera also argues that while "Semcon . . . concludes, without

support, that Kyocera is somehow 'responsible' for Kyocera International['s] . . . importation and sales activities occurring in the United States," "[t]his improper 'piercing the corporate veil' argument does not appear in Semcon's Complaint." (Dkt. No. 22 at 4.)

Semcon argues that Kyocera may be "liable for direct infringement based on its [smartphone] sale[s] to Kyocera International, regardless of where the two entities exchanged title to the accused product," because "a determination as to whether a sale is a U.S. sale for patent law purposes may involve facts relating to where the contracting occurred." (Dkt. No. 20 at 9; Dkt. No. 25 at 3–4.) As such, Semcon contends that Kyocera's responsibility "for any importation and U.S. sales by Kyocera International . . . [is] covered by Semcon's pleading." (Dkt. No. 20 at 9 (citing Dkt. No. 1 ¶ 19).)

This Court is mindful of the presumption against extraterritoriality. *See Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 441, (2007) ("It is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country."); *see also* 35 U.S.C. § 271(a) ("Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, *within the United States* or imports *into the United States* any patented invention during the term of the patent therefor, infringes the patent." (emphasis added)). Indeed, the Federal Circuit has explained that the question of "whether . . . allegedly infringing act[s] happened in the United States is an element of the claim for patent infringement" to be resolved "in a Rule 12(b)(6) motion to dismiss for failure to state a claim or in a motion for summary judgment." *Litecubes, LLC v. N. Light Prod., Inc.*, 523 F.3d 1353, 1366 & n.14 (Fed. Cir. 2008).

However, Semcon's Complaint against Kyocera pleads sufficient facts to support its claim that Kyocera's sale of or offers to sell accused products to its customers infringe the Asserted

4

Patents. The Complaint alleges that Kyocera "directly infringe[s] the [Asserted] Patent[s] . . . making, using, ***offering to sell***, ***selling***, and/or importing into the United States products [such as the DuraForce PRO smartphone] that . . . . include chips utilizing SoCs and associated software that can perform DCVS and/or DVFS for power management, including at least the Qualcomm Snapdragon 617 SoCs." (*See* Dkt. No. 1 ¶ 18 (emphasis added); *see also id.* ¶¶ 26, 34, 42.) Even assuming that "Kyocera . . . exports smartphones from Japan and then Kyocera International . . . imports those mobile phones into the United States and sells those smartphones to Kyocera International['s] . . . customers" (Dkt. 11-15 at ¶ 5(Declaration of Yoshihisa Nakagawa on behalf of Kyocera)),[1] this Court need not accept Kyocera's legal conclusion that Kyocera's sale of or offers to sell smartphones to Kyocera International are not U.S. sales or offers to sell. *Cf. Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1310 (Fed. Cir. 2010) (noting that "a contract between two U.S. companies for performance in the U.S. may constitute an offer to sell within the U.S. under § 271(a) [because t]he fact that the offer was negotiated or a contract signed while the two U.S. companies were abroad does not remove th[e] case from statutory liability."); *id.* at 1309 ("[T]he location of [a] contemplated sale controls whether there is an offer to sell within the United States."). Such a determination is necessarily a highly factual inquiry:

> [T]he "selling" of an infringing article has both a physical and a conceptual dimension to it . . . . [I]t is possible to define the situs of the tort of infringement-

---

[1] Kyocera asks the Court to take judicial notice of purported facts related to extraterritoriality as set forth in (1) a declaration by a corporate representative, (2) a declaratory judgment complaint involving Kyocera International and Semcon, and (3) various stipulations of dismissals filed by Kyocera. (Dkt. No. 11 & n.6 (citing Dkt. Nos. 11-1, 11-2, 11-3, 11-4, 11-8, 11-10, 11-11, 11-13, 11-15).) However, the situs of Kyocera's smartphone sales is a legal conclusion that is subject to dispute. *Cf.* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one *not subject to reasonable dispute* in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (emphasis added). Accordingly, this Court declines Kyocera's request to take judicial notice. To do so would encroach into the realm of a summary judgment analysis, which the Court is not inclined to do at this stage in the litigation. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c).").

by-sale either in real terms as including the location of the seller and the buyer and perhaps the points along the shipment route in between, or in formal terms as the single point at which some legally operative act took place, such as the place where the sales transaction would be deemed to have occurred as a matter of commercial law.

*Litecubes*, 523 F.3d at 1369–70 (Fed. Cir. 2008); *see also Transocean*, 617 F.3d at 1311 ("A 'sale' is not limited to the transfer of tangible property; a sale may also be the agreement by which such a transfer takes place.").

With reasonable inferences drawn in Semcon's favor, it does not appear that there is an insurmountable bar to relief. Semcon argues that Kyocera's smartphones sales to Kyocera International are U.S. sales under § 271(a). Accordingly, the Motion is **DENIED** as to Semcon's direct infringement claims.

B.      <u>**Indirect Infringement**</u>

Kyocera argues that Semcon's Complaint does not plead the requisite knowledge and intent to support a claim of indirect infringement. (Dkt. No. 22 at 5–6.) Semcon argues that it has provided "enough facts to state a claim for indirect infringement" by pleading "both knowledge, intent and identified the direct infringers as Kyocera's customers and end-users" to whom "Kyocera provided the relevant products . . . for use in an infringing manner." (Dkt. No. 25 at 5 (citing Dkt. No. 1 ¶¶ 19, 20, 27, 35, 43).)

A claim for indirect infringement has no territorial requirement. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1302 (Fed. Cir. 2012) (explaining that § 271(b) "does not, on its face, foreclose liability for extraterritorial acts that actively induce an act of direct infringement that occurs within the United States[ and w]e therefore decline to read the statute as being so limited"); *see also Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 408 (Fed. Cir. 2018) (explaining that "liability for induced infringement under § 271(b) can be imposed

based on extraterritorial acts, provided that the patentee proves the defendant possessed the requisite knowledge and specific intent to induce direct infringement in the United States.").

The Court finds that Semcon's Complaint plausibly alleges claims of indirect infringement. The Complaint alleges that Kyocera "indirectly infringe[s] one or more claims of the [Asserted Patents] by ***knowingly and intentionally inducing*** others, including ***Kyocera customers*** and end-users, to directly infringe . . . by making, using, offering to sell, selling and/or importing into the United States products [such as the DuraForce PRO smartphone] that include infringing technology, such as Qualcomm Snapdragon SoCs and associated software that use DCVS and/or DVFS for power management." (*See* Dkt. No. 1 ¶ 19 (emphasis added); *see also id.* ¶¶ 27, 35, 43.) The Complaint also alleges that Kyocera had "knowledge that these products, or the use thereof, infringe the [Asserted] Patent[s] at least as of the date of this Complaint, [and] knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement . . . . by others, including end users." (*See id.* ¶¶ 20–21; *see also id.* ¶¶ 28–29, 36–37, 44–45.) Based on Kyocera's own representations, Kyocera International (1) is a customer of Kyocera and (2) sells allegedly infringing smartphones to end-users in the United States. (*See* Dkt. No. 11 at 6; Dkt. No. 22 at 4–5.) With reasonable inferences drawn in favor of Semcon, it is plausible that Kyocera's smartphone sales knowingly and intentionally induced Kyocera International to directly infringe the Asserted Patents. Accordingly, the Motion is **DENIED** as to Semcon's indirect infringement claims.

**IV.    CONCLUSION**

For the foregoing reasons, Kyocera's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 11) is hereby **DENIED**. However, this denial is without prejudice to Kyocera later raising these issues under Federal Rule of Civil Procedure 56 with the benefit of the

7

development of a fuller factual record and a more rigorous analysis on the situs of accused infringement.

**So ORDERED and SIGNED this 3rd day of May, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE